This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: September 2, 2021**

**No. S-1-SC-37872**

**STATE OF NEW MEXICO,**

     Plaintiff-Petitioner,

v.

**LAWRENCE TAFOYA,**

     Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Cindy M. Mercer, District Judge**

Hector H. Balderas, Attorney General
John Kloss, Assistant Attorney General
Santa Fe, NM

for Petitioner

Bennett J. Baur, Chief Public Defender
Steven James Forsberg, Assistant Appellate Defender
Santa Fe, NM

for Respondent

## DISPOSITIONAL ORDER TO QUASH

**BACON, Justice.**

**{1}** WHEREAS, this matter having come before the Court upon the State's appeal from the Court of Appeals memorandum opinion in the matter of *State v. Tafoya*, A-1-CA-34599, mem. op. (N.M. Ct. App. July 23, 2019) (nonprecedential), *see* Rule 12-502 NMRA;

**{2}** WHEREAS, the Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

**{3}** WHEREAS, the district court sentenced Defendant-Respondent to twelve years imprisonment and two years parole after a jury convicted Defendant-Respondent of first-degree child abuse, contrary to NMSA 1978, Section 30-6-1(E) (2005);

**{4}** WHEREAS, during sentencing, the district court initially failed to indicate whether or not Defendant-Respondent committed a serious violent offense under NMSA 1978, Section 31-18-15(F) (2007) and Section 33-2-34(L) (2006) but then issued an amended judgment, sentence, and commitment, finding that Defendant-Respondent committed a serious violent offense;

**{5}** WHEREAS, the Court of Appeals held that the district court lacked jurisdiction to correct Defendant-Respondent's sentencing order under Rule 5-801(A) NMRA (2009), *Tafoya*, A-1-CA-34599, mem. op. ¶ 11;

**{6}** WHEREAS, Defendant-Respondent argues that the case is moot;

**{7}** WHEREAS, a case is moot when "'no actual controversy exists,' and the court cannot grant 'actual relief,'" *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (citation omitted);

**{8}** WHEREAS, this Court may still decide a moot case when the issue presents a "substantial public interest" or is "capable of repetition yet evad[ing] review," *Id.* ¶ 10;

**{9}** WHEREAS, this Court generally does not decide matters that are moot when an exception does not apply, *Id.* ¶¶ 9-10;

**{10}** WHEREAS, this Court determines that at the time the case was submitted, Defendant-Respondent had served his term of incarceration and term of parole such that this Court cannot grant relief;

**{11}** WHEREAS, this Court determines that this case is moot because no actual controversy exists and this Court cannot grant actual relief;

**{12}** WHEREAS, this Court determines that in the time since the district court corrected Defendant-Respondent's sentence, Rule 5-801 has been amended and no longer provides for the correction of a sentence, Rule 5-801 (2014);

**{13}** WHEREAS, this Court determines that this case does not involve an issue that presents a substantial public interest, nor is it capable of repetition yet evading review because of the amendment to Rule 5-801;

**{14}** WHEREAS, this Court hereby exercises its discretion under Rule 12-405(B)(2) NMRA to dispose of this case by nonprecedential order rather than a formal opinion;

**{15}** NOW, THEREFORE, IT IS ORDERED that the State's petition for certiorari is QUASHED as moot;

**{16}**    NOW, THEREFORE, IT IS ORDERED that the Court of Appeals Memorandum Opinion, A-1-CA-34599, SHALL NOT be cited as persuasive authority.

**{17}    IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Chief Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**

**MELISSA A. KENNELLY, Judge**
**Sitting by designation**